MURIEL B. KAPLAN (SBN: 124607)
MICHELE R. STAFFORD (SBN: 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA  94105
Telephone:	(415)  882-7900
Facsimile:	(415)  882-9287

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS BENEFICIAL AND HOLIDAY FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; FRED INMAN, AND DAVID AYALA AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES,<br><br>                Plaintiffs,<br><br>v.<br><br>SPIROS D. VASILATOS individually and dba SPIROS D. VASILATOS PAINTING<br><br>                Defendant. | CASE NO.: C 05-3719 PJH<br><br>**NOTICE AND ACKNOWLEDGMENT OF SERVICE;**<br><br>**AND**<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment may be entered in the within action in favor of the plaintiffs and against defendants SPIROS D.VASILATOS individually and dba SPIROS D. VASILATOS PAINTING, as follows:

1.	Spiros D. Vasilatos, on behalf of himself and defendant Spiros D. Vasilatos Painting. hereby acknowledges receipt of the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of  California (Booklet); Order Setting Initial Case Management Conference; Order Setting Case Management Conference and Requiring Joint Case Management Statement; Joint Case Management Statement and Proposed Order; and

**JUDGMENT PURSUANT TO STIPULATION**
**C 05-3719 PJH**

1  ECF Registration Information Handout.

2      2.    Defendants entered into a valid collective bargaining agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

    3.    In November, 2004, after becoming delinquent to the Trust Funds in the amount of $65,522.72, defendant entered into a Stipulation for Entry of Judgment. Pursuant to the Stipulation, an action would only be filed in the event that defendant defaulted on his payment obligations. Monthly payments in the amount of $5,164.00 per month began November 30, 2004. One of the additional terms of the Stipulation (attached hereto as Exhibit A and incorporated herein by this reference) was that defendant would remain current in contributions during the stipulated period. Defendant defaulted on his payment obligations, by missing his June, 2005 stipulated payment, and failing to pay May, 2005 contributions as required.   Additional defaults occurred thereafter.

    4.    Defendant made several payments to the Trust Funds, but continued to remain and further become delinquent. The instant action was filed, to collect amounts that remain due on the Stipulation for Entry of Judgment and additional amounts that have come due during the payment period.  The amounts currently due are as follows:

| Description | Amount |
|---|---|
| Balance Due on Stipulation for Entry of Judgment | $15,059.15 |
| Conditionally waived Liquidated Damages (from Stipulation for Entry of Judgment) | $5,843.14 |
| Interest on Stipulation for Entry (through 9/15/05) | $77.98 |
| Balance of June, 2005 contributions and liquidated damages | $16,149.49 |
| Interest on June, 2005 contributions / liquidated damages (through 9/15/05) | $192.02 |
| July, 2005 contributions and liquidated damages | $11,935.44 |
| Interest on July, 2005 contributions / liquidated damages (through 9/15/05) | $70.96 |
| Attorneys Fees and Costs (11/18/04 - 9/13/05) | $8,661.75 |
| August, 2005 contributions and liquidated damages | $15,425.65 |
| **TOTAL** | **$67,572.44** |

Any moneys recovered by plaintiffs (through a general contractor, via Joint Check

1  Agreement or otherwise) will be credited against the amounts due under this Stipulation.  Upon
2  receipt of that payment Plaintiffs *may*  authorize reduction of defendants' monthly stipulated
3  payment. for the balance of the 12 month payment period.  Until such reduction may be authorized,
4  defendants shall *conditionally* pay the amount of $61,729.30 (the amount due, less liquidated
5  damages conditionally waived in the prior Stipulation for Entry of Judgment) as follows:

6  Beginning on September 30, 2005, and continuing on or before the 30th of every month
7  thereafter for a period of 12 months (through August 30, 2006), defendant shall pay to plaintiffs
8  **$5,342.00** per month. .

9         i.       Defendant shall have the right to increase the monthly payments at any time;
10        ii.      Payments shall be applied first to unpaid interest at the rate of 7% per annum
11 on the unpaid principal balance, in accordance with plaintiffs' Trust Agreements.

12        iii.     Payments shall be made to the Bay Area Painters and Tapers Trust Funds,
13 and delivered to Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San
14 Francisco, CA  94105 **on or before the 30th of each month as stated above**, or to such other
15 address as may be specified by plaintiffs.  In the event that any check is not timely submitted or
16 submitted by defendant but fails to clear the bank, or is unable to be negotiated for any reason, this
17 shall be considered to be a default on the Judgment entered.  If this occurs, plaintiffs shall make a
18 written demand to defendant to cure said default.  Default will only be cured by the issuance of a
19 replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven
20 (7) days of the date of the notice from plaintiffs.  If defendant elects to cure said default, and
21 plaintiffs elect to accept future payments, all such payments shall be made by cashier's check.  In
22 the event default is not cured, all amounts remaining due hereunder shall be due and payable on
23 demand by plaintiffs.

24     5.    Beginning with contributions due for hours worked by defendant's employees during
25 the month of September, 2005, to be postmarked no later  than October 15, 2005, and for every
26 month thereafter until this judgment is satisfied, defendant **shall remain current in contributions**
27 due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent
28 collective bargaining agreements, if any, and the Declarations of Trust as amended.  **Defendant**

1 **shall fax a copy of the contribution report for each month, together with a copy of that**
2 **payment check, to Michele Stafford at 415-882-9287, prior to sending the payment to the**
3 **Trust Fund office.**  Failure by Defendant to remain current in its contributions shall constitute a
4 default of the obligations under this agreement and the provisions of Paragraph 7 shall apply.  Any
5 such unpaid or late paid contributions, together with 10% liquidated damages and 7% per annum
6 interest accrued on the total contributions and liquidated damages, shall be added to and become
7 a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under
8 the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection
9 of current and future contributions and the provisions of this agreement are in addition thereto.

10	6.	Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise
11 defendant, in writing, of any additional amounts owed pursuant to the Stipulation, which shall
12 include, but not be limited to, any additional attorneys fees and costs incurred in this matter.  Said
13 amount shall be paid with the last payment, on or before August 30, 2006.

14	7.	In the event that Defendant fails to make any payment required under Paragraph 4
15 above, or fail to remain current in any contributions under paragraph 5 above, then,

16	(A)	The entire balance of $67,572.44 plus interest, reduced by principal payments
17 received by Plaintiffs, but increased by any unpaid contributions then due, plus 10% liquidated
18 damages and 7% per annum interest thereon as provided in above paragraph 5 shall be immediately
19 due, together with any additional attorneys' fees and costs under section (D) below.

20	(B)	A writ of execution may be obtained against Defendant without further
21 notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,
22 upon declaration of a duly authorized representative of the plaintiffs setting forth any payment
23 theretofore made by or on behalf of defendant and the balance due and owing as of the date of
24 default.  <u>Defendant specifically consents to the authority of a Magistrate Judge for all proceedings,</u>
25 <u>including, but not limited to, plaintiffs' obtaining a writ of execution herein</u>.

26	( C)	Defendant waives notice of entry of judgment and expressly waives all rights
27 to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of
28 Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the

1 issuance of a writ of execution.

2     (D) Defendant shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed by defendant to plaintiffs under this Stipulation.

    8. Any failure on the part of the plaintiffs to take any action against defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendant of any provisions herein.C 05-3719 PJH

    9. Plaintiffs specifically reserve all rights to bring a subsequent action against defendant fr the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendant specifically waives the defense o the doctrine of res judicata in any such action.

Dated: September 29, 2005      SPIROS D. VASILATOS PAINTING.

By: /s/

Its: Owner

Dated: September 29, 2005      SPIROS D. VASILATOS INDIVIDUALLY

By: /s/

Dated: September 29, 2005      SALTZMAN & JOHNSON LAW CORPORATION

By: /s/
Michele R. Stafford
Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: 9/30/05      _____
UNITED STATES DISTRICT COURT JUDGE

**JUDGMENT PURSUANT TO STIPULATION**
**C 05-3719 PJH**